CHARLES D. FRIEDMAN, 74834-011 (Pro Se)
U.S. Penitentiary
P.O. Box 26030
Beaumont, TX 77720

FILED
SEP 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES D. FRIEDMAN, ) | |
| ) | |
| Plaintiff, ) | **C O M P L A I N T** |
| ) | |
| v. ) | |
| ) | Case: 1:07-cv-01657 |
| UNITED STATES OF AMERICA, ) | Assigned To : Bates, John D. |
| ) | Assign. Date : 9/20/2007 |
| Defendant. ) | Description: Pro Se General Civil |

Plaintiff alleges the following:

1. Plaintiff CHARLES D. FRIEDMAN is a prisoner incarcerated at the United States Penitentiary, Beaumont, Texas. At all times mentioned herein, Plaintiff was in the custody of the United States Marshals Service, District of Utah.

2. The Defendant in this matter is the United States of America.

3. This action is brought pursuant to the provisions of the Federal Tort Claim Act. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1346 and 2675.

4. Plaintiff has complied with the requirements of 28 U.S.C. §2675, and has exhausted administrative remedies with the Department of Justice. (See: <u>Claim for Damage, Injury, or Death</u>, attached hereto as Exhibit "A")

RECEIVED
AUG 15 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## Facts

1. At all times mentioned herein, plaintiff was in the care and custody of the United States Marshals Service in the district of Utah, has a pretrial detainee.

2. On March 23, 2006, plaintiff was transferred by Deputy U.S. Marshal Joey Barajas from the Davis County Jail, to the Salt lake County Jail.

3. Upon being processed into the Salt Lake County Jail, plaintiff's personal property was not allowed into the jail. Instead, Deputy Marshal Barajas stated that he would take the property back to the Marshal's office with him, and it would be mailed to family or friends, as plaintiff desired.

4. Deputy Marshal Barajas refused plaintiff's request that the property be inventoried and that he, plaintiff, be supplied with a copy of the inventory.

5. Plaintiff provided Deputy Barajas with his attorney's name and address, and asked that the property be mailed or given to that person.

6. When plaintiff determined that only two (2) legal text books were given to his attorney, he inquired with the Marshals Service about the location and disposition of the remainder of his property. Plaintiff was informed that it had been lost or destroyed.

7. Among the items of property that were lost or destroyed, plaintiff incurred the loss of extensive legal files and materials, including legal research notes and work product in his criminial case; file materials, legal research notes and documentary evidence

related to a pending civil fraud action against Aramark Corporation, and other documents such as caselaw, civil procedure, et cetera.

8. Plaintiff is a certified paralegal, and regularly bills at $25.00 an hour for his work. Plaintiff had a minimum of two (2) hundred hours of billable work invested in the legal research notes and work product related to his criminal case, and had to regenerate this work product and materials because of the loss or destruction of his original property by the Marshals Service.

9. Plaintiff is a born and religious jew, and adheres to the tenents of his religion, including kosher dietary law.

10. Plaintiff became aware, during his incarceration at the Cache County Jail, that he was being fed non-kosher foods in a "kosher diet" being provided to him by the jail's subcontractor, Aramark Corporation.

11. Plaintiff had generated substantial logs and other evidence to support his legal claim that Aramark Corporation was committing fraud and/or other torts involving misrepresentation against plaintiff. In addition to the logs and evidence gathered and maintained by plaintiff, plaintiff also invested approximately two (2) hundred hours of billable work into legal research and drafting of pleadings in anticipation of filing a civil action against Aramark Corporation.

12. Because plaintiff's property was lost or destroyed by the Marshals Service, plaintiff is without sufficient proof or evidence to substantiate his legal claims, and has thus been unable to pursue his claims against Aramark Corporation.

13. In addition to the legal materials that were lost or destroyed by the Marshals Service, plaintiff also suffered the loss of personal photographs of family and friends, U.S. postage stamps and stationary items valued at $30.00.

14. On or about June 7, 2006, plaintiff filed a "form 95", <u>Claim for Damage, Injury, or Death</u>, with the United States Marshals Service. Thereafter, the Marshals Service requested a property reciept or other proof of ownership. Subsequently, plaintiff supplied the Marshals Service with a copy of a property receipt recording the fact that Deputy Marshal Barajas took custody of the property which makes the basis of the instant claim.

15. After plaintiff filed his claim with the Marshals Service, he amended the amount of claim from an initial $10,030.00 to $35,030.00, in order to reflect the loss of plaintiff's legal claims against Aramark Corporation.

<u>Relief Requested</u>

1. Plaintiff seeks compensatory damages in the amount of $35,030.00, and all other relief this Court deems just.

SUBMITTED this 30th day of July, 2007

Charles D. Friedman
Plaintiff (Pro Se)

# CLAIM FOR DAMAGE, INJURY, OR DEATH

INSTRUCTIONS: Prepare in ink or typewriter. Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary.

FORM APPROVED OMB NO 43-R0697

| 1. SUBMIT TO | 2. NAME AND ADDRESS OF CLAIMANT (Number, street, city, State, and Zip Code) |
|---|---|
| United States Marshals Service, Office of General Counsel, Washington DC 20530 | Charles D. Friedman, 2514 Beverly Glen Ave., West Jordan, UT 84084 |

| 3. TYPE OF EMPLOYMENT | 4. AGE | 5. MARITAL STATUS | 6. NAME AND ADDRESS OF SPOUSE, IF ANY |
|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN  NA | 43 | Single | None |

| 7. PLACE OF ACCIDENT | 8. DATE AND DAY OF ACCIDENT | 9. TIME |
|---|---|---|
| Salt Lake City, Utah | Mar 23 2006 | 1115 |

### 10. AMOUNT OF CLAIM (in dollars)

| A. PROPERTY DAMAGE | B. PERSONAL INJURY | C. WRONGFUL DEATH | D. TOTAL |
|---|---|---|---|
| $10,030.00 | NONE | NONE | $10,030.00 |

**11. DESCRIPTION OF ACCIDENT**

Failure to establish Inter-jail property agreement amongst jails contracted with USMS in the District of Utah. Claimants property was destroyed upon his transfer to Salt Lake County Jail.

**12. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT: N/A

BRIEFLY DESCRIBE KIND AND LOCATION OF PROPERTY AND NATURE AND EXTENT OF DAMAGE:

See attached

**13. PERSONAL INJURY**

STATE NATURE AND EXTENT OF INJURY WHICH FORMS THE BASIS OF THIS CLAIM:

None

**14. WITNESSES**

| NAME | ADDRESS |
|---|---|
| Joey Baragus, Deputy Marshal, 350 South Main St, Salt Lake City, UT 84101 | 350 South Main St, Salt Lake City, UT 84101 |

| 15. SIGNATURE OF CLAIMANT | 16. DATE OF CLAIM |
|---|---|
| Charles D. Friedman | June 7, 2006 |

CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM: The claimant shall forfeit and pay to the United States the sum of $2,000 plus double the amount of damages sustained by the United States.

CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS: Fine of not more than $10,000 or imprisonment for not more than 5 years or both.

EX. "A"    07 1657

FILED SEP 20 2007

STANDARD FORM 95
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority*. The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. 14.3.

B. *Principal Purpose*. The information requested is to be used in evaluating claims.

C. *Routine Use*. See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond*. Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

**Complete all items--Insert the word NONE where applicable**

Claims for damage to or for loss or destruction of property, or for personal injury, must be signed by the owner of the property damaged or lost or the injured person. If, by reason of death, other disability or for reasons deemed satisfactory by the Government, the foregoing requirement cannot be fulfilled, the claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing authority to act.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 10 of this form. Separate claims for personal injury and property damage are not acceptable. The amount claimed should be substantiated by competent evidence as follows:

(a) In support of claim for personal injury or death the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

Any further instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid".

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

| 17. DO YOU CARRY ACCIDENT INSURANCE? ☐ YES, IF YES, GIVE NAME AND ADDRESS OF INSURANCE COMPANY (Number, street, city, State, and Zip Code) AND POLICY NUMBER. ☐ NO ||
|---|---|
| none ||
| 18. HAVE YOU FILED CLAIM ON YOUR INSURANCE CARRIER IN THIS INSTANCE, AND IF SO IS IT FULL COVERAGE OR DEDUCTIBLE? | 19. IF DEDUCTIBLE, STATE AMOUNT |
| none | none |
| 20. IF CLAIM HAS BEEN FILED WITH YOUR CARRIER, WHAT ACTION HAS YOUR INSURER TAKEN OR PROPOSES TO TAKE WITH REFERENCE TO YOUR CLAIM? (It is necessary that you ascertain these facts) ||
| none ||
| 21. DO YOU CARRY PUBLIC LIABILITY AND PROPERTY DAMAGE INSURANCE? ☐ YES IF YES, GIVE NAME AND ADDRESS OF INSURANCE CARRIER (Number, street, city, State, and Zip Code) ☐ NO ||
| none ||

#12 ATTACHMENT PAGE.
CHARLES D. FRIEDMAN

1. LEGAL RESEARCH NOTES AND WORK PRODUCT IN CRIMINAL CASE REPRESENTING APPROXIMATELY TWO HUNDRED WORK HOURS.   $5,000.⁰⁰

2. FILE MATERIALS, LEGAL RESEARCH NOTES AND DOCUMENTARY EVIDENCE FOR CIVIL RIGHTS ACTION   $5,000.⁰⁰

3. MISC. PERSONAL PAPERS, PHOTOGRAPHS, U.S. POSTAGE AND STATIONARY ITEMS.   $30.⁰⁰